**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHANNA BELL,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-0545-B |
| | § | |
| **LIFESTYLE LIFT,** | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge for screening. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se*, civil action.

Parties:  Plaintiff is a resident of Arlington, Texas.  Defendant is Lifestyle Lift from Dallas, Texas.  The court did not issue process in this case, pending determination of the court's subject matter jurisdiction.  The magistrate judge issued a questionnaire to Plaintiff, who filed her answers thereto on May 27, 2009.

Statement of Case:  Plaintiff filed this action seeking damages for personal injury and negligence stemming from a face lift procedure performed on July 2, 2008.  (Complaint at 1 and Plaintiff's answers to Question 2 of the Magistrate Judge's Questionnaire).  She relies on 28 U.S.C. § 1331 as the sole basis for federal jurisdiction for her action.  (Complaint at 1 and Answer to Question 1).

<u>Findings and Conclusions</u>: Although Plaintiff initially sought to proceed *in forma pauperis*, she subsequently paid the $350 filing fee, thus rendering inapplicable the screening provisions of 28 U.S.C. § 1915(e)(2). Screening of this fee-paid complaint is limited to determining whether the court may exercise subject matter jurisdiction over the case. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988). *See also Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir. 1996) (courts have the duty to raise the issue of jurisdiction *sua sponte,* even if the parties have not raised the issue themselves); *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir. 1985) (same); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The court should dismiss this case *sua sponte* for lack of subject matter. The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff complains only of a state law negligence claim and her personal injury stemming therefrom.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that this action is *not* between citizens of different states. Plaintiff concedes that she and Defendant LifeStyle Life are citizens of the State of Texas. (*See* Complaint at 1).

Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the court cannot exercise supplemental jurisdiction over Plaintiff's state law

negligence claim.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED *sua sponte* for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Signed this 1st day of June, 2009.

*[signature]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.